Case 4:21-cv-03132   Document 1-1   Filed on 09/27/21 in TXSD   Page 1 of 11

8/31/2021 3:46 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56837282
By: Rhonda Momon
Filed: 8/31/2021 3:46 PM

CAUSE NO. _____

| | | |
|---|---|---|
| **ELIZABETH ELIZONO** | § | **IN THE DISTRICT COURT OF** |
| Plaintiff, | § | |
| | § | |
| v. | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **CASEY DAVID AND KOCH** | § | |
| **SPECIALTY PLANT SERVICES** | § | |
| Defendants. | § | _____ **JUDICIAL DISTRICT** |

## PLAINTIFFS' ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Elizabeth Elizono (hereinafter "Plaintiff") and files this, Plaintiff's Original Petition, complaining of Casey David ( hereinafter "Defendant David"), and Koch Specialty Plant Services (hereinafter "Defendant Koch") and collectively referred to as ("Defendants") and for cause of action, Plaintiff will respectfully show this Honorable Court the following:

### DISCOVERY CONTROL PLAN

1. Plaintiff intends for discovery to be conducted under Level 2 of Rule 190 of the Texas Rules of Civil Procedure.

### PARTIES

2. Plaintiff Elizabeth Elizono is an individual residing in Harris Bend County, Texas.

3. Defendant Casey David may be served with personal process, by a process server, at his place of residence at 635 Magnolia Ridge, Boutte, Louisiana 70039 or wherever he is found.

4. Defendant Koch Specialty Plant Services is a domestic company incorporated in and/or having its principal place of business in the State of Texas. This defendant may be served with personal process, by a process server, by serving its Registered Agent: United Agent Group, Inc. at 5444 Westheimer, #1000, Houston, Texas 77056.

**JURISDICTION**

The Court has jurisdiction over this cause of action because the amount in controversy is within the jurisdictional limits of the Court. Plaintiff is seeking monetary relief over $250,000 but no more than $1,000,000. Plaintiff reserves the right to amend her petition during and/or after the discovery process.

The Court has jurisdiction over Defendant David because he is an employee of Koch Specialty Plant Services who was acting within the course and scope of his employment at the time of the incident and collision made the basis of this suit, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

The Court has jurisdiction over Defendant Koch because this defendant is a domestic company that engages in business in the State of Texas, and Plaintiff's causes of action arise out of this defendant's business activities in the State of Texas.

**VENUE**

Venue is proper in Harris Bend County pursuant to Texas Civil Practices and Remedies Code Section 15.002(a)(1) because all or a substantial part of the events or occurrences giving rise to this claim occurred in Harris County, Texas.

**FACTS**

On or about August 5, 2021, Plaintiff was at a complete stop at the 1500 block of North Main Street and Dyer Avenue in Harris County. On or about the same time, Defendant David

was operating a vehicle owed by Defendant Koch, and traveling directly behind Plaintiff when Defendant David failed to maintain the proper distance from Plaintiff's vehicle. Defendant David failed to keep a proper lookout or otherwise adhere to the standard of reasonable care in the operation of his motor vehicle when he suddenly and unexpectedly rear-ended Plaintiff's vehicle causing a violent collision.

At the time of the collision, Defendant David was employed by Defendant Koch and driving Defendant Koch's vehicle. Defendant David failed to keep a proper lookout and failed to exercise reasonable care while driving the vehicle. At all times relevant, Defendant David was acting within the course and scope of his employment with Koch Specialty Plant Services and operating a Koch truck owned by his employer, Defendant Koch and/or its agents, affiliates, etc.

As a result of Defendant David's and Koch's negligent and/or reckless acts and omissions, as described herein, Plaintiff sustained serious bodily injuries.

Defendant David's breach of duty was committed while in the course and scope of his employment as a driver for Defendant Koch. Accordingly, Defendant Koch is vicariously liable for David's breach of duty under the theory of respondeat superior.  Moreover, Defendant Koch is individually liable for breaching its duty of care to Plaintiff including, but not limited to, its duty of reasonable care and its duty as an owner of the Koch truck involved in the collision charged with its proper maintenance. Finally, Defendant Koch is also liable for negligently entrusting the Koch truck to Defendant David.

## CAUSES OF ACTION:

### COUNT 1- NEGLIGENCE AS TO DEFENDANT DAVID

Defendant David had a duty to exercise ordinary care and operate his vehicle in a reasonable and prudent manner.

Defendant breached this duty of care by doing one or more of the following:

a. Driving at a rate of speed greater than that at which a person of ordinary prudence would have driven under the same or similar circumstance;

b. Failing to reduce the speed of said vehicle immediately prior to the aforesaid collision to a rate of speed that would be reasonable and prudent under the same or similar circumstances;

c. Failing to timely apply the brakes;

d. Failing to maintain a proper lookout;

e. Failing to drive in an attentive manner;

f. Failing to maintain proper control of Defendant's vehicle;

g. Failing to turn, swerve, or otherwise maneuver Defendant's vehicle so as to avoid the collision made the basis of this suit;

h. Operating said vehicle in a careless, unsafe, hazardous manner and reckless manner;

i. Failing to obey the statutes of the State of Texas as they pertain to the operation of a motor vehicle.

Each of these acts or omissions of Defendant, singularly or in combination with others, constituted negligence. Defendant David's negligence proximately caused the collision that forms the basis of this lawsuit, resulting in injuries and damages to Plaintiff. Defendant David is liable for the injuries and damages suffered by Plaintiff.

## COUNT 2- NEGLIGENCE PER SE AS TO DEFENDANT DAVID

Defendant David's negligent conduct described within above also constitutes acts and/or omissions in violation of the statutes of the State of Texas. Specifically, Defendant David violated several provisions of the Texas Transportation Code including, but not limited to:

Section 545.351(b)(2), which requires an operator to control the speed of the vehicle as necessary to avoid colliding with another person or vehicle that is on or entering the highway;

Section 545.351(c)(5), which requires an operator to drive at an appropriate speed if a special hazard exists with regard to traffic, including pedestrians;

Section 545.060(a), which outlines rights and duties on a roadway divided into two or more clearly marked lanes for traffic, specifically, it requires an operator to drive as nearly as practical entirely within a single lane and prohibits moving from the lane unless the movement can be made safely.

The above statutes are designed to protect a class of persons to which Plaintiff belongs and are intended to protect persons like them against the type of injury Plaintiff suffered. Defendant David's breach of the duties imposed by the above statues proximately caused injury to Plaintiff, resulting in significant damages. Moreover, Defendant David's violation of the aforementioned statutes was without legal excuse. Defendant David is liable to Plaintiff for negligence per se.

## COUNT 3- NEGLIGENCE AS TO DEFENDANT KOCH- VICARIOUS LIABILITY/RESPONDEAT SUPERIOR

Without waiving the foregoing, Plaintiffs further allege that Defendant Koch is vicariously liable for Defendant David's negligence, as described here within, under the theory of respondeat superior. Plaintiff reiterates that Defendant David was negligent and negligent per se at the time of the incident in question, and as more fully described above. Plaintiff

incorporates by reference the factual allegations contained within and the causes of action against Defendant David plead above.

Defendant Koch is vicariously liable for the acts and omissions of its employee, David, as he was employed by Defendant Koch at the time of the incident in question and the wrongful acts and/or omissions were committed while in the course and scope of his employment. Here, at the time of the collision, Defendant David was operating a Koch truck, which is owned by his employer, Koch Specialty Plant Services. David was driving the Koch truck in furtherance of the performance of his job duties on behalf of Defendant Koch. Accordingly, the tortious acts and omissions committed by Defendant David were actually and presumably within the course and scope of his employment with Defendant Koch. In addition, Defendant David was acting in furtherance of Koch' business and for the accomplishment of the objective for which Defendant Koch hired David when he committed the negligent acts and omissions that were the proximate cause of Plaintiff's injuries. Accordingly, Defendant Koch is vicariously liable to Plaintiff under respondeat superior for the tortuous conduct of Defendant David including, but not limited to, David's negligence, recklessness, negligence per se, and/or gross negligence (see supra Section XII).

### COUNT 4- NEGLIGENCE AS TO DEFENDANT KOCH - DIRECT/INDEPENDENT LIABILITY

Subject to and without waiving the foregoing, Plaintiff further asserts that Defendant Koch is independently and directly liable to Plaintiff for the negligent acts and omissions committed by Koch and its agents and representatives in the operation of its business. Specifically, Koch employment of David and Koch's business operation relating to David and David's position and/or designation at Koch.

Defendant Koch owed a duty of care to Plaintiff. As Defendant David's employer, Defendant Koch owed a duty of care to Plaintiff. Specifically, at the time of the incident in question, and with respect to Plaintiff, Defendant Koch had:

A. A duty to use ordinary care in the screening, interviewing, vetting, and hiring its employees including, inter alia, Defendant David;

B. A duty to use ordinary care in training its employees including, inter alia, Defendant David, including but not limited to the safe operation of Koch vehicles;

C. A duty to use ordinary care in supervising its employees' activities including those of, inter alia, Defendant David;

D. A duty to use ordinary care in providing its employees (including, inter alia, Defendant David) adequate help in the performance of their work;

E. A duty to use ordinary care in maintaining, servicing, checking, and repairing its vehicles to assure they can be safely operated on public roadways, including the Koch truck operated by Defendant David discussed herein; and

F. A duty to take such action as a reasonably prudent employer would take to prevent the employee (including, inter alia, Defendant David) from causing an unreasonable risk of harm to others, when, because of an employee's incapacity, an employer exercises control over the employee. Allsup's Convenience Stores v. Warren, 934 S.W.2d 433, 437 (Tex.App.—Amarillo 1996, writ denied); Farley v. MM Cattle Co., 529 S.W.2d 751, 754 (Tex.1975); Nat'l Convenience Store v. Matherne, 987 S.W.2d 145, 149-50 (Hous. [14th] 1999, no pet.); Otis Engineering Corp. v. Clark, 668 S.W.2d 307, 311 (Tex. 1983).

## COUNT 5- NEGLIGENT ENTRUSTMENT TO DEFENDANT ACTION

Plaintiff further alleged, that Defendant Koch was negligent in entrusting the Koch truck driven by Defendant David at the time of the collision. Koch owned and maintained the vehicle that struck Plaintiff. Defendant David, a Koch employee, was driving the vehicle at the time of the collision. Defendant Koch knew, or in the exercise of reasonable care should have known, that Defendant David was a reckless and/or incompetent driver and/or that David was unfit to drive the vehicle in question. Defendant David was in fact reckless, incompetent, and unfit to drive the vehicle in question on the date of the incident made the basis of this suit, and his negligent acts and/or omissions proximately caused injury to Plaintiff. Accordingly, Defendant Koch is liable to Plaintiff for negligent entrustment.

## COUNT 6- GROSS NEGLIGENCE AS TO ALL DEFENDANTS

Pleading further, and without waiving the foregoing Plaintiff hereby brings claim against all Defendants for gross negligence. Plaintiff incorporates by reference the factual allegations contained and otherwise herein. All Defendants' acts and omissions, as more fully described above, constituted gross negligence as defined under Texas law, which entitles Plaintiff to exemplary damages under Texas Constitution Article 16, Section 26.

## DAMAGES

As a result of Defendants' negligence and gross negligence as described herein, Plaintiff has sustained actual and other damages, both past and future, recovery of which Plaintiff affirmatively seeks from Defendants; specifically, Plaintiff's damages include, but are not limited to:

   a. Physical pain in the past and future;
   b. Mental anguish in the past and future

    c. Disfigurement in the past and future;

    d. Physical impairment in the past and future;

    e. Medical expenses in the past and future; and

    f. Lost wages in the past and future.

    g. Property damage.

All other relief to which Plaintiff is entitled and that the jury may determine to be proper.

Plaintiff will further show that the negligence of all Defendants, as alleged herein, collectively or severally constitutes gross negligence and/or amounts to malice, as those terms are defined under Texas law. Accordingly, Plaintiff is entitled to and seeks punitive and/or exemplary damages from Defendants.

Plaintiff will respectfully request that the Court and jury determine the amount of the loss Plaintiff has incurred in the past and will incur in the future, not only from a financial standpoint, but also in terms of good health and freedom from pain and worry, as a direct and proximate result of Defendants' negligent and/or grossly negligent conduct as herein described. There are certain elements of damages provided by law that Plaintiff are entitled to have the jury in this case to consider, separately, each such element and to determine, separately, for each such element the sum of money that will fairly and reasonably compensate Plaintiff for such damage or loss, including those that Plaintiff has incurred already and those that Plaintiff is reasonably likely to incur in the future.

## JURISDICTIONAL AMOUNT

By reason of the facts alleged herein, Plaintiff has been made to suffer and sustain at the hands of the Defendants general and special damages in excess of the minimum jurisdictional limits of this Honorable Court. Because Texas law forces Plaintiff to immediately plead a

specific amount of damages early in litigation and before significant discovery and time has elapsed, Plaintiff plead he is seeking monetary relief over $250,000 but no more than $1,000,000, with the final amount at the discretion of the jury and this Honorable Court. Plaintiff reserves the right to amend his petition during and/or after the discovery process.

## PRE AND POST JUDGMENT SOUGHT

Plaintiff further seeks for the recovery of all interest allowed at law, including pre judgment and post-judgment interest.

## CONDITIONS PRECEDENT SATISFIED

Plaintiff alleges that all conditions precedent to the maintenance of this action have been met or satisfied, in accordance with Rule 54 of the Texas Rules of Civil Procedure.

## SELF AUTHENTICATION

Pursuant to Rule 193.7 of the TEXAS RULES OF CIVIL PROCEDURE, this is the "actual" written notice that all documents produced in this litigation shall be used by the Plaintiff at pretrial proceedings and trial. Hence, all documents produced in this litigation are deemed self-authenticating for use in any pretrial proceeding or at trial; and any objections thereto by the Defendants shall be in writing or placed on the record, giving Plaintiff a reasonable opportunity to establish the challenged document's authenticity.

## JURY DEMAND

Plaintiff hereby requests that all causes of Action alleged herein be tried before a jury consisting of citizens residing in Harris County, Texas. Plaintiff hereby tenders the appropriate jury fee.

**DESIGNATED E-SERVICE EMAIL ADDRESS**

The following is the undersigned attorney's designated e-service email address for all e-served documents, notices, filed and unfiled, pursuant to Tex. R. Civ. P. 21(f)(2) & 21a: eserve@puschnguyen.com. This is the undersigned's only e-Service email address, and service through any other email address will be considered invalid.

**PRAYER**

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that upon trial hereof, Plaintiff have and recover such sums as would reasonably and justly compensate them, in accordance with the rules of law and procedure as to actual damages, exemplary damages, and court costs. In addition, Plaintiff requests the award of attorneys' fees for the trial and any appeal of this case, for all costs of Court on her behalf expended, for prejudgment and postjudgment interest as allowed by law, and for any other and further relief, either at law or in equity, to which they may show themselves justly entitled.

Respectfully submitted,

PUSCH & NGUYEN LAW FIRM PLLC

/s/ Anthony Akins Pusch
Anthony Akins Pusch
State Bar No. 24094445
Chi-Hung David Nguyen
State Bar No. 24095085
Raymer Mujica Peraza
State Bar No. 24116796
Carlo F. Salvato III
State Bar No. 24117012
6330 Gulf Freeway
Houston, TX 77023
713-524-8139 (Office)
**For Electronic Service:**
**eserve@puschnguyen.com**

**ATTORNEYS FOR PLAINTIFF**